## DWIGHT *vs.* PHILLIPS.

Where it did not appear, by the affidavits on file, that notice of a statutory foreclosure of a mortgage was served upon the mortgagor; *Held* that it was ineffectual to transfer the legal title to the plaintiff, who purchased at the sale.

Where the affidavits on file showed service by mail, on the mortgagor, at a particular place, without stating it to be the place of his residence; *Held* that the omission was fatal, and could not be supplied by an amendment on the trial which involved the validity of the foreclosure.

The statutory proceedings to foreclose a mortgage are not *proceedings in court,* so as to authorize the court to supply omissions or remedy defects in the affidavits.

*It seems* that the rights of a *prior purchaser,* in possession of lands under an executory contract of sale, are not affected by the statutory foreclosure of a subsequent mortgage, although he is served with notice of sale.

It *seems* such purchaser can safely make payments on the contract to his vendor, until he has actual notice of the subsequent mortgage.

APPEAL from a judgment entered upon the report of a referee in favor of the plaintiff.

The action was ejectment to recover possession of certain premises in Salina. *Nelson Phillips,* as owner of the premises, entered into an agreement to sell them to the defendant in June, 1857, by an executory contract of sale. The plaintiff claimed title under a statutory foreclosure of two mortgages ; one of which bore date February 3, 1858, executed by Nelson Phillips to Margaret Ann Granville ; and the other of which bore date September 21, 1858, executed by Nelson Phillips to the plaintiff, John Dwight. By the terms of the purchase, the defendant was to pay Nelson Phillips $550, besides certain partnership debts of Nathan and Nelson Phillips, and was to have immediate possession. He paid the $550, and a large portion of the partnership debts, from time to time, from 1857 to 1863, and took, and continued in, possession of the premises until the commencement of this action, but without notice of the subsequent mortgages until the plaintiff had become the purchaser under the foreclosure ; at which time he had paid on his contract the sum of $959.86, leaving

a balance still due and unpaid.　On the 17th day of August, 1858, Nelson Phillips executed an agreement to the defendant, extending the time of payment for such balance for five years from date.

It appeared upon the trial that Lot Phillips was in the apparent possession of the premises at the time of the statutory foreclosure of the mortgage, the premises consisting of a small lot and blacksmith's shop, in which the business was carried on in his name, although he was in fact a partner of the defendant, the name of *Lot Phillips* being used for the purpose of preventing the creditors of the defendant from collecting their demands against him.　Notice of sale was served upon Lot Phillips, but not upon the defendant.

There were certain objections taken to the proceedings to foreclose the mortgages, and to the affidavit of the auctioneer, which sufficiently appear in the opinion of the court.　The referee held that the *equitable title* of the defendant should be protected so far as he had made payments upon his contract prior to notice of the mortgages ; that the plaintiff acquired the legal title to the premises under the foreclosure ; and he directed judgment in favor of the plaintiff, to recover the possession of the premises.　He also directed a decree to be entered, allowing the defendant sixty days to pay the plaintiff $1124.22 with interest, besides the taxed bill of costs, provided it did not exceed the sum of $1319.04, (balance due on the contract,) and upon such payment, required the plaintiff to convey the title to the defendant, with covenants of warranty, against his own acts.　The defendant excepted.

*Chas. Andrews,* for the appellant.

*Wm. J. Wallace,* for the respondent.

*By the Court,* MORGAN, J.　The plaintiff claims title through the foreclosure of two mortgages, executed by the former owner, Nelson Phillips, *subsequent* to the contract

made by the defendant for the purchase of the same premises. The case shows that the defendant is in possession claiming under his *prior* executory contract of purchase. Without going into the question of the defendant's rights under his contract, it is sufficient to dispose of this case to look into the plaintiff's title. As mortgagee or assignee of the mortgagee, he cannot maintain this action. But if he has acquired the title of the mortgagor by a valid foreclosure of either mortgage as against the mortgagor, he may take *his* position as to the defendant, and upon default of payment of the moneys due upon the contract by the defendant, may doubtless turn him out of possession. And I think the referee was right in holding that the defendant may redeem the premises from the lien of both mortgages by paying to the plaintiff the balance due upon his contract, even after a valid statutory foreclosure ; and also that the defendant is entitled to all payments made to the mortgagor in good faith before notice of the mortgages. Whether the pleadings admit of the *affirmative relief*, granted to the defendant in this case, is at least doubtful.

But, in my opinion, the plaintiff should have been nonsuited for the reason that he failed to show a valid statutory foreclosure of either mortgage.

As to the mortgage to Margaret Ann Granville, there is no proof that notice of sale was ever served upon the mortgagor. As to the mortgage to the plaintiff himself, there is no affidavit that the mortgagor, or the other parties served by mail with notice of sale, resided at the several places to which the notices were directed. This was necessary to make a good service. (2 *R. S.* 545, § 3, *sub.* 3. *Laws of* 1844, *ch.* 346, *p.* 529.)

As the plaintiff has failed to make title under these statutory foreclosures, it is evident he must fail upon a new trial, unless he is allowed to amend the affidavit so as to show that the persons served by mail with notice of sale, respectively resided at the places to which the notices were directed. · It

Dwight *v.* Phillips.

is very questionable whether such an amendment can be allowed by the court, although new affidavits might perhaps be filed and recorded, which would lay the foundation of another action. The statutory proceedings to foreclose a mortgage are not *proceedings in court,* so as to authorize the courts to remedy defects in them. It has always seemed to me that when a party is in possession under an *equitable title or claim,* the holder of a subsequent mortgage upon the premises might obtain his object much better by a foreclosure in equity. In this case, it seems to me that the plaintiff might make the defendant a party to a foreclosure of his mortgage in equity, and the decree might provide the terms upon which the defendant should take the legal title or be foreclosed of his equity. It will do no good to serve him with notice of a statutory foreclosure, as he is not a *subsequent grantee* within the meaning of section 3 of the statute already referred to, so as to authorize service of notice on him ; nor is he barred by the provisions of section eight, as he does not claim by title *subsequent* to the mortgage. For the same reason the service of notice of the foreclosure upon *Lot Phillips* was unavailable to cut off the equitable title of the defendant under his contract of purchase. The foreclosure was doubtless subject to the *prior equity* of the defendant, and did not in any manner impair his right to a conveyance upon paying up the balance due, including such sums, if any, as he had paid to his vendor in his own wrong, *after* actual notice of the claim of the plaintiff. (*Moyer* v. *Hinman,* 13 *N. Y. Rep.* 180.)

But these questions are not necessarily involved in the decision of this appeal, as it is sufficient to hold, as we must, that the plaintiff failed to show a valid foreclosure as against the mortgagor.

Judgment reversed, and a new trial ordered, with costs to abide the event.

[Onondaga General Term, April 4, 1865. *Morgan, Bacon, Foster* and *Mullin,* Justices.]