## RICHARDSON v. WILLIAMS.

1. EXHIBITS: *Of title deeds no part of the pleadings or evidence.*
   Copies of title deeds filed as exhibits with the pleadings are no part of the pleadings, nor of the evidence. The deeds themselves, or the next best evidence, if they can't be produced, must be read to the jury.

2. PRACTICE IN CIRCUIT COURT: *When part of complaint not answered.*
   When an answer to a complaint for several tracts of land is entirely silent as to one tract, the plaintiff is entitled to judgment for it for want of an answer.

APPEAL from *Mississippi* Circuit Court.
HON. L. L. MACK, Circuit Judge.

### STATEMENT.

The appellant, Jane G. Richardson, sued the appellee in ejectment, in the Circuit Court of Mississippi county, for Sec. 19, T. 16, N. R. 13 E; the S. fl. 1-2 Sec. 25; the N. W. 1-4 Sec. 24, and S. E. fl. 1-4 Sec. 25 in T. 16, N. R. 12 E., alleging that she was the owner and entitled to immediate possession, and that the defendant was in possession without right. The defendant denied her title and right of possession to the first three tracts, asserted title and possession in the first two in himself, disclaimed as to the

third, and asserted title to it in a third party, and said nothing in his answer as to the last tract, the S. E. fl. 1-4, Sec. 25. Both parties filed as exhibits with their pleadings, copies of their title deeds. There was verdict and judgment for the defendant, and appeal by the plaintiff to this court. The opinion of the court renders a statement of the instruction and evidence unnecessary.

*O. P. Syles*, for appellant.

The verdict was contrary to the law and evidence, *Pierce* v. *Lyman et al*, 28 *Ark.*, 550.

*John C. Palmer*, for appellee.

There being no error of law, and the verdict being sustained by the evidence, the judgment must be affirmed.

### OPINION.

HARRISON, J. As shown by the bill of exceptions, which purports to contain all the evidence in the case, the only evidence adduced to prove title in the plaintiff, was the testimony of Long.

The deed to her from him, which she relied upon as a part of her chain of title, and a copy of which was exhibited with the complaint was not, it seems, read to the jury, and no mention is made of it in the bill of exceptions.

The copies of deeds, which either party in an action for the recovery of lands relies upon as evidence of his title, and which the act of March 5th, 1875, requires to be filed as exhibits with his complaint or answer, are no part of the pleadings. *Jacks* v. *Chaffin et al.*, 34 *Ark.*, 554.

The deeds themselves must, upon the trial when it can be done, be produced and read to the jury, if not, the next best evidence must be produced.

The evidence being manifestly insufficient to show title

in plaintiff to the parcels of land the defendant claimed in his answer, or to entitle her to a verdict, we have no occasion to notice the instructions. The motion for a new trial was properly overruled.

But it is a general rule of pleading, and it is so expressly provided by section 4608 *Gantt's Digest*, that every material allegation of the complaint not specifically controverted by the answer must be taken as true. The plaintiff should, therefore, have had judgment for the quarter section as to which the answer was silent and the action undefended. She is as clearly entitled to judgment for that parcel as if she had recovered it by verdict, and according to the proper and established practice should have taken judgment by default for it. *Thompson* v. *Kirkpatrick*, 18 *Ark.*, 580; *Desha's executors* v. *Robinson, adm'r.*, 17 *Ark.*, 228; *Wheat* v. *Dotson*, 12 *Ark.*, 699.

Except as to the quarter section, as to which no defense was made by the defendant—the judgment is affirmed; and as to that it is reversed, and the cause is remanded to the court below, with instructions to render judgment in favor of the plaintiff therefor.