ROBINSON *v.* UNITED TRUST, LIMITED.

Opinion delivered February 14, 1903.

1. EJECTMENT—TRANSFER TO EQUITY.—An ejectment suit involving purely law questions should not be transferred to equity and consolidated with a bill to redeem from a mortgage foreclosure. (Page 225.)

2. PLEADING—AMENDMENT.—A bill to redeem from a mortgage foreclosure sale cannot, by amendment, be changed into a bill to set aside the sale for irregularities, as such amendment would have the effect of changing the nature of the action. (Page 225.)

3. SAME—TIME OF OFFERING AMENDMENT.—A material amendment to the complaint was properly rejected where it was not presented until the cause was ready for hearing. (Page 226.)

4. SAME—WHEN AMENDMENT PROPER.—Where, in an ejectment suit brought by one who purchased the land at a foreclosure sale, defendants answered that they had no knowledge that the property had been properly appraised, and asked that strict proof be required of same, and subsequently filed an amended answer setting up that the appraisers never went upon the land to appraise the same, it was error to strike out such amendments. (Page 226.)

Appeal from Prairie Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Reversed.

*W. E. Atkinson,* for appellants.

The certificate of the appraisers, together with the recitals of the deed, make out a *prima facie* case. 61 Ark. 473.

*Norton & Prewitt,* for appellees.

The offer to amend was properly denied. 68 Ark. 314; s. c. 57 S. W. 1105; 18 Ark. 537; *Id.* 236; 26 Ark. 360; 24 Ark. 16; 25 Ark. 7; 5 Ark. 485; 14 Kan. 306; 60 Ark. 526.

BUNN, C. J. This is a bill in equity by appellants to redeem from foreclosure sale, under a certain mortgage or deed of trust

made by said Robinson to Charles Cunier, as trustee, to seecure certain indebtedness owing by him to the appellee company, on the 16th day of May, 1894, and recorded on the 12th day of July, 1894. The lands included in the mortgage were described as follows, to-wit, the southeast quarter of the northwest quarter of section four, the north half of the northwest quarter, and the northwest quarter of the northeast quarter of section nine, township two north, range five west.

By deed dated 11th of December, 1894, Robinson conveyed to John L. Anderson the northwest quarter of the northeast quarter and the north half of the northwest quarter of said section nine, and the same was recorded on the 10th day of September, 1895.

On the 7th of September, 1895, Anderson and wife conveyed the last described lands, by deed of that date, to plaintiff J. G. Thweatt, which deed was recorded on the 10th of September, 1895. Robinson still retained title to the southeast quarter of the northwest quarter of section four in said township and range.

On the 1st day of August, 1896, the said Cunier, having declined to act further as trustee, H. C. Williamson was duly appointed as a substituted trustee. On the 14th day of May, 1897, the said Williamson, as trustee, acting under the power conferred upon him in said mortgage or deed of trust, sold all of the lands included in the same, and the appellee Albert S. Caldwell became the purchaser of said lands for the price of three hundred and fifty dollars, and on the 20th day of May, 1897, received his deed from said trustee, and the same was recorded on the 10th of June, 1897.

The transcript of the record in this case unfortunately gives no dates to the various pleadings and steps taken in the progress of the case, a practice to be condemned in no mistakable terms.

The plaintiffs, Robinson and Thweatt, instituted their suit to redeem, and in the complaint make an offer and tender in certain amount which they claim is sufficient, and, if not, aver that they are ready to pay whatever amount the court may adjudge as the correct amount. This complaint was filed on the first anniversary of the sale under the mortgage, but the proof shows that the attorney for plaintiffs, who was one of the plaintiffs himself, directed that no summons should be issued thereon until further directions, as an arrangement was expected to be made whereby the matter might be disposed of otherwise than in court, or language

to that effect. So that the suit was never in fact commenced by the plaintiff within the period of redemption. It seems, however, that the defendants, discovering the complaint on file, voluntarily answered it, and upon this the suit proceeded, and progressed to the rendition of decree.

Afterwards, as we infer, the said Caldwell, purchaser as aforesaid, brought suit in ejectment against A. J. Barrett, A. F. Yopp and H. C. Miles, alleging that they wrongfully held possession of a portion of the said lands, claiming under said Robinson.

Barnett and Yopp answered, denying title in Caldwell, but admitting the execution of and sale under the mortgage, but make this statement, to-wit: "Whether said sale was made at public outcry and in manner provided in said trust deed, or whether the said property was ever appraised or brought two-thirds of the aforesaid value thereof, defendants are not fully advised, either to admit or deny same, and [they] ask that strict proof be required with regard to same; * * * that under the said sale the said T. M. Robinson had a right under the law to redeem said land within twelve months from the date of said sale, and that the said Robinson did offer to redeem the same, and filed a bill in the chancery court of Prairie county for the redemption·of same within twelve months from the date of said sale by said trustee; that said suit is now pending in the Prairie chancery court, and involves the very same questions as are involved in this case. Defendants further state that they are owners and are lawfully in. the possession of said land, the southwest quarter of the northwest quarter of said section 4, under a deed from the said T. M. Robinson, a copy of which is hereto attached, and marked exhibit "A," and made part of this answer. Defendants state the plaintiff Albert S. Caldwell is and was and has, ever since the sale of said lands under said deed of trust, been a non-resident of the state of Arkansas, and, at the time the said T. M. Robinson was ready and able to redeem said land within twelve months from the time of said sale, he was unable to make a personal tender to the said Caldwell, and was compelled to file his bill in chancery for the redemption of said land, making said tender in connection with said bill. Defendants then ask that Robinson be made a party to this suit, and that this cause be transferred· to the chancery court, with a view of consolidating same with said chancery suit, which embraces the questions as are involved herein."

A minute was made in term time, on the 20th of September, 1899, to the effect that the defendants in the foregoing ejectment suit were permitted to file their answer on the 21st of September, 1899, and also their motion to transfer to the chancery court. From this it may be assumed that the foregoing answer was filed on the 21st of September, 1899; and on the 22d of September, 1899, Robinson and Thweatt asked to be made parties defendant to this ejectment suit, which request was by the court granted. Thereupon the court ordered the case to be transferred to the Prairie chancery court for the Southern district, to which ruling and judgment of the court the plaintiff at the time excepted.

At the November term, 1900, the defendants in the ejectment suit, transferred as aforesaid, filed an amended answer setting up irregularities in the foreclosure sale, and, among other things, that the appraisers never went upon the land to appraise the same. The plaintiff in ejectment moved to strike out said amendment to the answer, and this motion was sustained; and also to suppress the deposition of Charles Thompson, which had previously been taken, and this also was sustained. Exceptions were made and reserved. The court held, on the motion to strike out the amendment to the answer and to suppress deposition, that the amendment raised issues totally inconsistent with the prayer to redeem, and the said deposition should be suppressed because it was not relevant to the issues raised in the bill to redeem and the answer thereto.

Subsequently, the plaintiffs Robinson and Thweatt asked leave to amend their original complaint by inserting therein substantially the amendment to the answer of Barrett and Yopp theretofore stricken out, which was denied. The cause was then heard upon the pleading and evidence, and the court found that there was no equity in the bill, nor in the defense of Barrett and Yopp in the ejectment, and the defendants appealed to this court.

The case of Caldwell *v*. Barrett and Yopp involved purely law questions, and should not have been transferred to the equity court. It follows, of course, that the consolidation of the two cases in one was erroneous, as the two presented matters incongruous, besides one being purely cognizable in equity and the other at law.

The motion by plaintiffs in the redemption suit to amend their complaint by inserting therein the subject-matter of the

8

amendment to their answer in the ejectment suit, presented by the defendants therein, Barrett and Yopp, was properly overruled, because it had the effect of changing the cause of action, and also because same was not presented until the cause was ready for hearing; and for the same reason, as to them, the ruling of the court striking out the amendment to the answer of Barrett and Yopp was not erroneous; but as to Barrett and Yopp the ruling was erroneous, for the amendment contained a legitimate defense for them in the ejectment suit, if sustained by the proof.

The bill to redeem is dismissed for want of equity, but the judgment as to the ejectment suit is reversed, and the cause remanded for a new trial as between the original parties thereto, with directions to transfer that cause back to the Prairie circuit court to be tried as it originally stood on the docket.