## MEADORS v. JOHNSON.

### No. 345.    Opinion Filed November 16, 1910.

1. EJECTMENT—Pleading—Equitable Defenses. By reason of section 5033 and of chap. 55 of Mansf. Dig. Statutes of Arkansas, in force in the Indian Territory before the admission of the state, a defendant in an action of ejectment brought in one of the United States Courts of the Indian Territory, may plead in his answer any equitable defenses he may have to the action.

2. USURY—Effect on Note or Mortgage. A charge of usury by a national bank in the Indian Territory on a note executed to it did not vitiate the note or the mortgage given to secure the payment thereof.

3. MORTGAGES—Foreclosure Sale—Validity—Ejectment by Purchaser—Defenses. In a foreclosure proceeding by advertisement under a power of sale, failure of the mortgagee to give notice of the sale in the manner and for the time provided in the mortgage invalidates the sale; and such irregularity may be pleaded as a defense by the mortgagor in an action of eject-

ment brought by a purchaser at the sale or by his grantee, both of whom had notice of such irregularity.

4.   **SAME—Evidence—Regularity of Sale—Recitals in Deed—Effect.**
Recitals in the deed of the trustee or mortgagee that are by the terms of the power of sale in the mortgage made prima facie evidence of the truthfulness of the facts recited are not conclusive evidence of such facts and may be rebutted by the mortgagor who attacks the regularity of the sale. The only effect of such recitals, showing that the sale was regular, is, upon the introduction of the deeds containing them. to place upon the mortgagor the burden of establishing the irregularities complained of.

5.   **SAME—Sale of Land in Separate Parcels—Discretion.** In the absence of a provision of statute or of the mortgage requiring that the mortgaged property shall be sold in separate parcels or tracts, the sale en masse of the property by the trustee under the power of sale, although the property is susceptible of division and of being sold in separate tracts or parcels, rests largely in the discretion of the trustee; but where the sale is made en masse with fraudulent intent and results in the property's being sold for much less than its value and much less than what it would have brought, if it had been sold in separate tracts, the sale will be set aside.

(Syllabus by the Court.)

*Error from District Court, Seminole County; A. T. West, Judge.*

Action by J. Coody Johnson against L. D. Meadors. Judgment for plaintiff, and defendant brings errror. Reversed and remanded.

*J. A. Baker,* for plaintiff in error.
*Crump, Rogers & Harris,* for defendant in error.

HAYES, J.   This action was originally brought in the United States Court for the Western District of the Indian Territory at Wewoka by defendant in error, who will hereafter be referred to as plaintiff, to recover possession of certain real property to which plaintiff claims title through a foreclosure by advertisement under a power of sale. Plaintiff is the grantee of the purchaser at said sale. In the foreclosed mortgage The Farmers' National Bank of Wewoka is the mortgagee, and plaintiff in error, hereafter referred to as defendant, the mortgagor. Defendant by his answer inter-

posed three defenses, which are as follows:    (1) Usury; (2) failure to give public notice of the time and place of sale; (3) sale of the property as an entire tract instead of in separate parcels, and for an inadequate price.    He alleges that plaintiff had full knowledge and notice of all the facts alleged as his defense.    Special demurrers to the paragraphs of the answer setting up the foregoing defenses were sustained by the trial court, and said action of the court forms the basis of the principal assignments of error urged here for reversal of the cause.

Plaintiff contends that in an action of ejectment equitable defenses cannot be interposed, and for such reason the special demurrers were properly sustained; but, in so far as the defenses set up were equitable in their nature, this contention is without merit. Section 5033 of Mansf. Dig. Statutes of Arkansas, in force in the Indian Territory, authorizes the defendant in an action to set forth in his answer as many grounds of defense, whether legal or equitable, as he shall have.    This section of the statute, prior to its adoption in the Indian Territory, had been construed in connection with the statute on ejectment and held to authorize the interposition of an equitable defense in an action to recover the possession of land. *Trulock et al. v. Taylor,* 26 Ark. 54; *Alexander v. Hardin,* 54 Ark. 480; *Rudisill v. Cross,* 54 Ark. 519.

*Robinson v. United Trust, Limited,* 71 Ark. 222, was a consolidated action.    One of the actions consolidated consisted of a bill to redeem from a mortgage foreclosure sale.    The other was an ejectment suit.    In the ejectment suit, plaintiff derived his right of possession from a sale under a mortgage.    Defendants interposed as a defense that they did not know    whether said sale was made at public outcry and in the manner provided in said deed of trust, or whether the said property was ever appraised or brought two-thirds of the aforesaid value thereof, and they ask that strict proof be required with regard to same.    The sustaining of the demurrer to this portion of the answer was held by the appellate court to be error.    The foregoing authorities are in har-

mony with the decided cases from several of the other states. *Meyer, et al. v. Opperman,* 76 Tex. 105; *The German Bank v. Stumpf,* 73 Mo. 311; *Cole v. Lovan,* 193 Mo. 235; *Dwight v. Phillips,* 48 Barb. 116. See, also, *Sulphur Mines Co. v. Thompson,* 93 Va. 293.

There was no error, however, in sustaining the demurrer to the defense of usury. That attempted defense was pleaded by defendant upon the theory that section 4735 of Mansf. Dig. of the Statutes of Arkansas, prescribing as a penalty for usury that any contract affected therewith shall be void, applies to the mortgage in the case at bar and to the note which the mortgage secured. In this assumption plaintiff is in error. The mortgage was executed to a national bank and section 5198, 5 Fed. Statutes, Ann., p. 133, (24 U. S. St. at L., p. 559) fixes the penalty for a national bank's charging a rate of interest greater than is allowed by the law. Under the penalty prescribed by this statute, only the interest, where it has not been paid, is forfeited for violation of the statute; and where the interest has been paid, a right of recovery in an action therefor for twice the amount of the interest paid; but the usurious element of the contract does not vitiate the entire contract. Defendant in his answer alleges that he has made payments on the interest, but there is no contention that the principal of the note secured by the mortgage has ever been paid. A charge of usury, therefore, by the bank would not defeat the foreclosure of the mortgage to enforce the payment of the principal. Whether, if the Arkansas statute applied, usury would be a defense in this action, it is not necessary to decide. By some of the authorities it is held that the validity of the original instrument, to wit, the mortgage, cannot be questioned in an action of ejectment. *Diefenbach v. Vaughn,* 116 Ala. 150. In *Northwestern Mortgage Trust Co. v. Bradley et al.,* 9 S. Dak. 495, it was held that a foreclosure proceeding could not be attacked on the ground of usury. But, as previously stated, since usury does not render absolutely void the mortgage in this case, we do not

decide whether if the same were void such fact could be availed of as a defense in this proceeding. For the reason already given, it is apparent that the court did not commit error in sustaining the demurrer to this plea.

The power of sale in the mortgage provides that, in the event default be made in the payment of the note at maturity, the mortgagee shall have power to sell the property or any part thereof at public sale to the highest bidder for cash at Wewoka in the Western Judicial District, public notice of the time, place and terms of sale having first been given thirty days, by advertisement published in a newspaper in said district, or by printed or written bills posted up in ten different places in the vicinity in the district of the said property. One of the paragraphs struck out denies that notice of the sale in either of the manners prescribed was given. This constitutes a good defense to the action. The power of a mortgagee or trustee to sell the mortgaged premises is derived entirely from the terms of the mortgage. He has no other power relative thereto than those specifically granted and such as may be implied therefrom; and an alienation of the mortgaged premises by the mortgagee must be in strict accordance with the powers conferred. Failure to give the notice of the sale in the manner and for the time prescribed by the terms of the mortgage invalidates the sale. _Ford v. Nesbitt,_ 72 Ark. 267; _Stallings v. Thomas,_ 55 Ark. 326; _Patterson v. Miller,_ 52 Md. 388.

The power of sale in the mortgage provides that the recitals of any deed of conveyance executed by the mortgagee under the provisions of the power shall be taken as _prima facie_ true. The deed executed by the bank to the purchaser at the sale recites that the provisions of the mortgage requiring publication of notice of the time and place of sale were duly complied with before the property was offered for sale. The deed from the mortgagee to the purchaser at the sale and the deed from the purchaser at the sale to plaintiff are attached to plaintiff's petition as exhibits. Section 2632 of Mansf. Digest, Statutes of Arkansas, requires that

in all actions for the recovery of land, except in actions of forcible entry and unlawful detainer, plaintiff shall set forth in his complaint all deeds and other written evidences of title on which he relies for the maintenance of his suit, and the defendant in his answer shall plead in the same manner as is required by plaintiff. Section 2633 requires the defendant to set forth in his answer exceptions to any of said documentary evidence relied upon by the plaintiff to which he wishes to object, which exceptions shall specifically note the objections taken, and the plaintiff shall in like manner file like exceptions to the documentary evidence exhibited by defendant.

No exceptions were taken by defendant in his answer to the instruments filed as exhibits in plaintiff's petition. It is now contended that, by his failure to except, he admitted the regularity of the sale as to all matters essential to its regulariy which are recited in the deed to the purchaser. This contention is based upon a misconception of the meaning and purpose of the statute. Before the enactment of this statute, parties were not required to produce or disclose their title deeds until offered in evidence at the trial; as a result, surprises frequently occurred by the introduction of such deeds and instruments, which the opposing party had not had an opportunity to examine. The object of this statute was to require each party to file with his pleadings the documentary evidence upon which he based his cause of action or defense, in order that the competency of such evidence might be determined before the trial to prevent surprises on the trial. Such instruments constitute no part of the pleadings. *Surginer v. Paddock et al.,* 31 Ark. 528; *Jacks v. Chaffin et al.,* 34 Ark. 534; *Howell v. Rye et al.,* 35 Ark. 470; *Richardson v. Williams,* 37 Ark. 542. To prevent the introduction of any of the instruments of conveyance attached to plaintiff's petition, it was necessary for defendant to except thereto in the manner provided by the statute as to any and all irregularity apparent upon the face of the instruments; but he is not precluded, by his failure to except thereto, from

pleading any affirmative matters destroying the effect of such instrument or of any of their provisions; and he specifically pleads that the notice required by the power of sale was not given. The agreement in the mortgage that the recitals in the deed shall be taken as *prima facie* true does not make recitals therein conclusive. Such recitals are only *prima facie* evidence of the fact which they state. *Prima facie* evidence of a fact is such evidence as in the judgment of the law is sufficient to establish the fact; and, if not rebutted, remains sufficient for that purpose. *Kelley v. Jackson, et al.,* 6 Pet. 662. The recital in the deed that notice was given, with the provision in the mortgage that each recital should be taken as *prima facie* true, establishes the fact of notice, if it is not rebutted. Upon the introduction of the instruments in evidence, the burden to show the irregularity on account of lack of notice, as prescribed in the mortgage, is upon defendant. Such only is the effect of this provision of the mortgage and the recitals in the deed.

The property covered by the mortgage consists of 13 surveyed and platted lots in block 4 in the town of Wewoka. It is charged that the sale was made *en masse;* that by reason thereof the property brought less than one-third of its value and of what it would have brought if it had been sold in separate parcels; that if it had been sold in separate parcels, a sale of the entire property would not have been required in order to pay the mortgaged debt; that the property was easily susceptible of division and to be sold in separate parcels; and that it was sold *en masse* with the wrongful and fraudulent intent of working a great wrong and hardship upon defendant. There is no provision in the mortgage, nor was there any statutory provision in force in the Indian Territory, requiring that the mortgaged property shall be sold in separate parcels; and there was, therefore, no obligation upon the bank to sell this property in separate parcels, except as it is bound as trustee under the trust instrument to render the sale as beneficial as possible to the debtor. The better rule seems to be that

sales made *en masse,* even where required by statute to be made in separate parcels, are voidable only and not void. 2 Jones on Mortgages, sec. 1857. Where there is no statute upon the question, the manner of sale is a matter resting largely in the discretion of the trustee; but the trust imposes upon the trustee the duty, in disposing of the property, to handle it in such manner as will best protect the rights and equities of the debtor, as well as the creditor. The rule requiring each parcel of land to be offered separately is not an arbitrary one; and the presumption is in favor of the good faith of the trustee. The mere fact that the land was sold *en masse,* when it was succeptible of being sold in separate parcels, will not alone justify a court in setting aside the sale. Before the sale will be set aside, it must appear that the interests of the debtor have been sacrificed, or that there was some attending fraud or unfair dealing. *Miller et al. v. Trudgeon,* 16 Okla. 337; 2 Jones on Mortgages, sec. 1859. Defendant, however, alleges that his interests have been sacrificed, and that the sale was made in said manner with fraudulent intent on the part of plaintiff.

No offer is made by defendant to pay to plaintiff the mortgage debt or the amount plaintiff paid as a purchase price for the property; and it is contended that the irregularity and fraud charged in the manner of sale is not available to defendant, unless he offers to do equity by tendering such payment. The answer alleges, relative to the irregular manner of the sale, that the purchaser at the sale in fact acted not for himself, but as agent of the mortgagee; and that plaintiff is not in fact the owner of the property, but that he, too, is now acting for the bank, the mortgagee. If, therefore, the fraud or wrong was committed in the manner of the sale, plaintiff, under the allegations of the answer, is a party thereto. He is not in possession of the mortgaged premises and does not therefore have the right of a mortgagee who has come peaceably into possession of the mortgaged premises after default to retain possession until the mortgaged debt is paid. If the allegations of the answer be true, and, for the

purpose of the demurrer, they are conceded to be true, plaintiff is now by this proceeding seeking to reap the fruits of the fraud and wrongdoing of his principal, either for himself or his principal. He cannot, therefore, complain if he be relegated to the rights of the mortgagee under the mortgage, which are the rights acquired by the purchaser at the foreclosure sale set aside for irregularity.

In *Littell v. Grady et al.*, 38 Ark. 584, the sale was set aside because the trustee, without express authority in the trust, purchased at a foreclosure sale. The court held that the mortgagor should be granted this relief, although he did not offer to pay the mortgage debt. In *Imboden v. Hunter*, 23 Ark. 622, a sale was made under power of sale in a trust deed at which the trustee purchased. Upon application of the *cestui que trust,* the sale was set aside and a re-sale ordered. Sale of the land *en masse* instead of separate parcels is such an irregularity as might be waived by the mortgagor, or of which he might be estopped to complain by his conduct showing an acquiescence; but these questions are not presented by the pleadings. Failure to give the notice of the sale required by the terms of the mortgage and the irregularity in selling the property *en masse* with fraudulent intent and with result of greatly sacrificing the interests of the mortgagor constitute, in our opinion, valid defenses to this proceeding, under the procedure in force in the Indian Territory before the admission of the state, by which this proceeding must be governed. We express no opinion upon the merits of the case based upon the evidence in the record, or that may hereafter be produced; but, for the foregoing reasons, the judgment of the trial court should be reversed and the cause remanded.

All the Justices concur.