McCarty, Receiver, Pine Bluff, Sheridan & Southern Railway Co., *v.* Nelson, Administrator.

Opinion delivered May 28, 1917.

1. Pleading and practice—truth of allegations in complaint—lack of proper denial.—The material allegations of a complaint, not specifically controverted by the answer, must be taken as true.

2. Railroads—injury to employee—defective track.—Deceased, a conductor employed on defendant railway, was killed, on account of a defect in defendants' track causing a derailment. *Held*, the action was brought under Act 88, p. 55, General Acts 1911, and a recovery was warranted under the statute.

3. Railroads—injury to employee—defective equipment—assumed risk and contributory negligence.—In an action for damages under Act 88, General Acts 1911, the defense of assumed risk is unavailing, and the defense of contributory negligence is also unavailing unless the negligence of the employee is greater than that of the master.

Appeal from Grant Circuit Court; *W. H. Evans*, Judge; affirmed.

*Mehaffy, Reid & Mehaffy*, for appellant.

1. The appellant was guilty of no negligence, but the deceased was guilty of contributory negligence. This case is almost on all fours with 45 Ark. 318.

2. The wreck was caused by operating the train at an excessive rate of speed, contrary to instructions, and the court erred in its instructions on comparative negligence and in modifying appellant's requests, 2, 3, 4, 6, 7, 8, 10, 12 and 13, and in refusing Nos. 1, 5, 11, 14 and 15.

The question of assumed risk was one for the jury. It is unnecessary to cite authorities, as the law is well settled. 45 Ark. 318.

*C. E. Johnson* and *Langley & Steel*, for appellee.

1. The suit was brought under Act 88, Acts 1911, page 55. Plaintiff alleged that defendant was a railway corporation * * * and operates a railroad through a portion of Dallas and Grant counties for hire, and hence was a common carrier under said act. All allegations not specifically denied are admitted by the answer. Kirby's Digest, § 6137; 91 Ark. 30; 37 *Id.* 542-4.

2. There was no error in the instructions prejudicial to appellant; but, if so, no specific objections were made. 93 Ark. 209; 96 *Id.* 531; 66 *Id.* 46. The general instructions were really too favorable to appellant. 84 Ark. 74.

3. Appellant was guilty of negligence, the angle bars were broken, the timbers in decayed condition and the roadbed was defective. Under the act contributory negligence is no defense, and the train was not operated at excessive speed. 122 Ark. 224. There was no error in modifying the instructions asked by appellant as all of them except No. 10 were in conflict with Act No. 88 and contrary to the law as announced in 116 Ark. 461; 118 *Id.* 377; 119 *Id.* 477; 124 *Id.* 298.

HART, J. This is an appeal from a judgment recovered by appellee against appellant for the alleged negligent killing of Roy Reese while in the employment of the Pine Bluff, Sheridan & Southern Railway Company. The material facts are as follows:

In April, 1916, Roy Reese was a conductor in the employment of the receiver of the Pine Bluff, Sheridan &

Southern Railway Company. His train was wrecked and he was killed by being pinned down under a gravel car which jumped the track and turned over. The train was a work train and consisted of an engine and five cars. The three front cars were loaded with gravel and the two cars in the rear with lumber. Reese was riding on a gravel car in the middle of the train. The train was going north, and just as it got on the south end of a trestle the train left the rails and the three gravel cars were drawn along the ties until they were turned over. Reese fell under the car on which he was riding and was crushed to death.

It was shown in the proof that four angle bars were found broken at the time of the accident and that three of them showed to be old breaks. The iron was rusty, indicating that the angle bars had been broken for some time. One of the cap sills in the bridge at the scene of the accident was also shown to be rotten. One witness testified that he found several stringers rotten and several rotten ties at the place where the cars went off the track and said that he examined them on the day of the wreck. The angle bars are put on the rails to hold them in line and to make even joints. It is unsafe to run trains over joints where the angle bars are broken. If the angle bars are broken the rails are liable to spread and the train to go off on the ties at that point. The train left the rails a few feet beyond where the broken angle bars were found. The rotten cap sill was also just beyond the broken angle bars. The cap sill in question was rotten on the side from the middle down and one of the witnesses testified that this could have been detected from the outside. The train was going at its usual rate of speed when it left the rails and the accident occurred.

On the part of appellant it was shown that the train was going at a faster rate of speed than usual when the accident occurred and the fireman stated that the engineer requested Reese to allow him to double over a hill near the scene of the accident in order that he might not

have to run so fast. The engineer denied this, however, and said that he had not requested Reese to double.over the hill. He stated that the train was running at the rate of twelve or thirteen miles an hour when the accident occurred.

Other evidence on the part of appellant tended to show that the cap sill was only rotten on the inside and that it appeared to be sound on the outside, that inspections had been made of the track at proper intervals and that no broken angle bars had been found.

Reese was riding in the middle of the train on a gravel car at the time he was killed. Evidence was adduced by appellant to show that he had been directed to ride on the rear car of his train always. It is not claimed that the verdict is excessive, and for that reason we need not abstract all the evidence tending to show contributory negligence on the part of Reese and non-negligence on the part of the railroad company. In testing the legal sufficiency of the evidence to support the verdict, we must consider it in the light most favorable to appellee. The testimony on the part of appellee tended to show that three broken angle bars had rusty ends, which indicate that they had been broken for some time. One witness even testified that he had noticed the broken angle bars while working on the section some time before the accident occurred, although he had not reported that fact to his foreman. The testimony also showed that these broken angle bars were the cause of the derailment of the cars. It was further shown that one of the cap sills of the trestle just beyond the broken angle bars was rotten on the inside and that this caused it to break when the cars were dragged over it. This evidence in connection with the other evidence recited above, was amply sufficient to warrant the verdict.

Counsel for appellant also contend that the court erred in giving certain instructions for appellee and in modifying others asked by him. These instructions need not be set out, for the alleged error consists in instruct-

ing the jury on comparative negligence. There was no error in so instructing the jury.

The complaint alleged that the Pine Bluff, Sheridan & Southern Railway Company is a corporation organized under the laws of the State of Arkansas, and that it owns and operates a line of road through Grant and Dallas counties over which freight and passengers are carried for hire, and that E. S. McCarty was the receiver of said railway company in charge of its operation.

Appellant filed an answer in which it denied that said railway company operates a line of railroad through Grant and Dallas counties over which it operates trains and carries freight and assengers for hire, but says that E. S. McCarty, receiver, operates said railroad and that the railroad company has no control over it.

(1-2) The material allegations of the complaint, not specifically controverted by the answer, must be taken as true. *Richardson* v. *Williams*, 37 Ark. 542; *Chapman & Dewey Land Co.* v. *Wilson*, 91 Ark. 30. Therefore it will be taken that appellant was a common carrier by railroad and that this action was brought and tried under Act 88 of the Acts of 1911. See General Acts of 1911, page 55. Section 1 provides that every common carrier by railroad in this State shall be liable for all damages to its employees for injuries or death by reason of any defect in its roadbed, tracks, machinery or equipment. Section 2 of the act charges the railroad company with knowledge of such defect before and at the time of the injury or death. Section 3 provides that the fact that an employee may have been guilty of contributory negligence shall not bar a recovery, provided that the negligence of such employee was of a lesser degree than the negligence of such common carrier, its officers, agents or employees. The facts of this case bring it within the operation of that statute, and the instructions given by the court on the questions of comparative negligence are in accord with the construction heretofore placed on this statute by this court. *Kansas City &*

*Memphis Ry. Co.* v. *Huff*, 116 Ark. 461, and *St. L., I. M. & S. Ry. Co.* v. *Ingram*, 118 Ark. 377.

(3) It is also insisted that the court erred in not giving the instruction, asked by it, on assumed risk. There was no error in refusing this instruction.

In the case of *Kansas City & Memphis Ry. Co.* v. *Huff, supra,* the court said: "Where there is a right of action under section 1 (referring to Act 88), that action can not be defeated by the defense of assumption of risk and is not, necessarily, defeated, because the servant may have been guilty of contributory negligence." Again in that case the court said: "But if a right of action grew out of this (Act 88), the defense of assumed risk is denied the master and the defense of contributory negligence is not available unless the negligence of the servant is greater than that of the master."

It is also insisted that the court erred in refusing to give instruction No. 5, asked by appellant, which reads as follows:

"No. 5. If you believe from the evidence that deceased was instructed to ride on the rear of the train, and that at the time of the accident he was violating this instruction, and was thereby injured, your verdict must be for the defendant."

There was no error in refusing this instruction, because it did not tell the jury that the defense of contributory negligence was not available unless the negligence of the servant was of a less degree than the negligence of the master.

It is also insisted that the court erred in refusing to give instruction No. 14, asked by appellant. The instruction is as follows:

"No. 14. You are instructed that you can not consider the testimony of defendant's witnesses in rebuttal, as to the condition of the air." There was no error in refusing this instruction. At the time the testimony in question was admitted before the jury an objection was

made to it by counsel, and the court in overruling that objection stated to the jury as follows:

"Gentlemen, that can be answered, but it will not be considered by you in determining whether or not the defendant in this case was guilty of any act of negligence, but only in passing upon the position and condition and duties of the deceased at the time of the alleged accident."

It follows that the judgment must be affirmed.