## *Bush's adm'x. vs Bush.*

PETITION &
SUMMONS.

Error to the Clarke Circuit; GEORGE SHANNON, Judge. Case 8.

### *Pleading. Usury.*

Judge MILLS delivered the Opinion of the Court. April 18.

Absent—Chief Justice BIBB.

THE plaintiff in error brought her pe-
tition and summons, on a note executed to her intes-
tate, in the following words:

"On or before the 10th of May next, I promise
to pay John V. Bush, one hundred and fifty round
silver dollars, for value received, this 19th day of
March, 1817. [Signed,] *Will. T. Bush.*
Teste, Will. T. Christie.

I will pay fifteen per cent on the above note until
paid. [Signed,] *William T. Bush.*

The defendant craved oyer and demurred—the It does not
plaintiff joined in demurrer, and the court gave necessarily
judgment on the demurrer for the defendant, and follow that a
the plaintiff has prosecuted her writ of error. promisory
note, with an

We conceive the court below erred. For although agreement
this note was given, when the act of assembly, then underwritten
by payor to

BUSH'S
ADM'R.
vs.
BUSH.
———
"pay fifteen
per cent on
the above till
paid" was
given for an
usurious loan.
—Hence a
demurrer to
a declation
on such an in-
strument
with the un-
derwriting
taken as part
thereof, will
not avail.

in force, declared all usurious contracts void, yet
there is no way on the face of the instrument, of ar-
riving at the conclusion that the contract is usuri-
ous, even if we admit the memorandum at the bot-
tom to be part of the note, and as constituting part
of the demand for which the plaintiff craves judg-
ment in her petition.   The question of borrowing
or lending, or a promise of extraordinary interest
for forbearance, is that on which the question of
usury rests, and there is nothing on the face of the
writing which proves that the fifteen per cent was
promised, in consideration of forbearance, or for
some other consideration, and if it was based on
any other legal consideration, the stipulation was
valid.   It was, therefore, by plea to fact alone, that
the defendant could avail himself of the usury, if it
exists.

The usury
must be
pleaded.

Judgment reversed, with costs, and cause remand-
ed, with directions to enter judgment for plaintiff,
unless the defendant shall apply for, and obtain leave
to withdraw the demurrer and plead to the merits
of the action.

*Wickliffe* and *Hanson*, for plaintiff; *Crittenden*, for
defendant.

———

CHANCERY

Case 9.

April 18.

Decree of the
circuit court.

Morrison's
derivation of
title objected
to by San
ders.