## MATLOCK vs. MALLORY.

1. A contract between the plaintiff and the defendant in execution, by which the plaintiff agreed to delay enforcing the collection of the execution until the ensuing term of the Supreme Court that the defendant might take the case up for revision, and the defendant, in consideration of the delay, agreed to pay ten *per cent.* on the amount of the execution if the case was affirmed, is usurious.

2. When the contract declared on is usurious on its face the declaration is demurrable.

ERROR to the Circuit Court of Benton. Tried before the Hon. L. P. Walker.

ASSUMPSIT by Matlock against Mallory on a written contract, in the following words: "Whereas John Matlock recovered a judgment in the County Court of Benton, at the July Term, 1844, and had execution to issue thereon for $4332 29, which execution I caused to be enjoined by bill in chancery, in the Chancery Court of Benton, and the said Chancery Court did, at the July Term, A. D., 1845, dismiss said bill and dissolve said injunction; and thereupon I prayed an appeal, which was allowed by said court, and twenty days given to give bond; and whereas I failed to avail myself of that order, and did not take said appeal in the time allowed by said court. Now it is agreed on my part for and in consideration, that said John Matlock has consented and agreed on his part to delay the execution now in the hands of W. J. Willis, sheriff of Benton, until the next term of the Supreme Court, in order that I may carry said cause to the Supreme Court, and in the event said Supreme Court shall affirm said judgment and decree of said Chancery Court, then I agree that said Matlock shall have ten *per cent.* damages on the amount of said execution thus held up and delayed, for said delay; all which I agree to without cavil or dispute."—(Signed) WM. MALLORY."

The declaration set out the contract, and averred that the plaintiff did delay the collection of the execution, and that the case was taken to the Supreme Court by the defendant, and the decree of the chancellor in all things affirmed. The defendant demurred to the declaration, and his demurrer was sustained.

Matlock v. Mallory.

J. B. Martin, for plaintiff in error:

1. The demurrer to the declaration should not have been sustained. The declaration presents a good cause of action, and if it be true that the contract is usurious, it only avoids the contract when set up by a plea.—Lloyd v. Scott, 4 Peters' U. S. 224; Comyn on Usury, 201; 3 Salk. 291; 5 Coke's R. 119.

2. The written agreement sued upon is not upon its face usurious. To constitute usury there must be, 1st, a contract to loan upon the one part, and to borrow upon the other; 2d, there must be an intentional reservation of more than the legal rate of interest for the loan, or forbearance, &c.; and 3d, the return of the principal, or the amount forborne, with the interest, must be certain, fixed and secure. But where by the terms of a contract one party agrees to pay a certain per cent. upon an amount loaned or forborne, dependent, however, upon a contingency which hazards or puts in jeopardy both principal and interest, and upon the which depends his right to demand the return of either, such a contract is not usurious, whatever may be the per cent. agreed to be paid.—Richards v. Brown, 2 Cowp. 770; Chitty on Cont. 541-2; Maddock v. Rumball et al., 8 East. 304; Thorndyke v. Stone, 11 Pick. 183; Wright v. McAlexander, 11 Ala. 236; Hall v. Haggart & Reynolds, 17 Wend. 280; Dubose v. Parker, 13 Ala. 779; Lloyd v. Scott, 4 Pet. 206; Chesterfield v. Janson, 1 Wills. 286; Flowyer v. Edwards, 1 Cowp. 112; Story on Cont. 600.

3. The contract declared upon falls directly within the rule laid down in the above cases; because it does not originate in a proposition to borrow or loan money, nor was this directly or indirectly the intention of the parties to it; because by the terms of the contract, both principal and interest were put in jeopardy, the plaintiff's right to recover either being contingent, and dependent upon the fact whether the Supreme Court should affirm the decree of the chancellor, or pronounce a judgment perpetually enjoining the plaintiff's judgment. In the latter event, it is clear that the contract secured nothing to the plaintiff; because, by waiving the giving of appeal bond, the plaintiff risked the continuing solvency of the debt; because, by this contract for delay, the plaintiff discharged the securities of the defendant, and thereby risked the ability of the defendant to pay the money.—Ellis v. Bibb, 2 Stew. 63; Everett et al. v. United States, 6 Por. 166; Inge v. Branch Bank, 8 ib. 108. The

contract shows upon its face that the right secured to the plain-tiff was contingent, and that he assumed the risk of losing both principal and interest, and such a contract is not usurious. The forbearance of the plaintiff, the cost and trouble incurred by him in the Supreme Court, and the hazard of losing his entire debt, and the benefit of the delay given to the defendant, were a sufficient consideration for the promise of the latter.—Sheppard v. Watrous, 3 Caines, 166 ; Wheat. Selw. 50.

4. If the positions here assumed by the plaintiff in error are not sustained, then it is contended that the contract is not usu-rious on its face, and whether it was in fact so should have been submitted to the jury to determine.—Brown v. Harrison & Rob-inson, 17 Ala. 774 ; Ketchum v. Barker, 4 Hill, 224 ; Hutch-inson v. Hosmer, 2 Conn. 341 ; Kent v. Phelps, 2 Day, 483 ; Comyn on Usury, 123 ; Scott v. Loyd, 9 Pet. 446.

RICE & MORGAN, contra:

1. The plaintiff in error could never have recovered damages in the Supreme Court upon the affirmance of the decree in chan-cery, because the appellant in the Supreme Court was the com-plainant in the Chancery Court. The statute does not provide for such a case.—See Hooks v. Br. Bank at Montgomery, 18 Ala. 451. And the same authority shows that the decree ren-dered in the Chancery Court was not such a decree as could be affirmed with damages in the Supreme Court, because that de-cree was not "for a specific sum of money."

2. If these positions are correct, the entire contract was in-fected with usury.

3. If, however, the case could have been affirmed with dama-ges in the Supreme Court, provided a bond had been given, still no bond was given, and the legal right of the party plaintiff in the judgment to collect his money was perfect. The sole con-sideration of the contract was the delay, and the forbearance to collect the money within a certain time.

4. It will not do to say that it was doubtful how the case would be determined in the Supreme Court, and that such a doubt furnishes the consideration to support the contract. That doubt was not settled by the contract; all that was settled was the forbearance to collect the money.—Wright v. Elliott, 1 Stew. R. 391.

Matlock v. Mallory.

CHILTON, J.—The sole consideration for the undertaking of Mallory to pay Matlock ten per cent. on the amount of the execution named in the contract, was the delay in enforcing collection of said execution until after the ensuing term of the Supreme Court. It is certain that upon the affirmance of the chancellor's decree by the Supreme Court, no damages could have been awarded by that court, and if such damages were thus recoverable, this agreement but superadds ten per cent. to them. Neither did the fact that Mallory neglected to give the appeal bond within twenty days, as allowed by the court, prevent him from suing out a writ of error at any time within three years after the decree was rendered. The delay or forbearance in collecting the demand is, then, the entire consideration for the promise here sued on; and this is shown in the declaration. That such agreement constitutes usury, we should be sorry to entertain a doubt. Were such agreements to receive the sanction of the law, the statutes against usury would be, in many cases, perhaps the greater number, utterly impotent to effect the end proposed. It has long been settled that cases of usury are not confined to precise loans of money, but they extend to cases where the relation of debtor and creditor exists, and to cases of wares, merchandize, or commodities.—Drew v. Power, 1 Sch. & Lef. 191; Grimes v. Shrieve, 6 Mon. 553. And when the contract on its face shows that more than the legal rate of interest is reserved for forbearance, the declaration is demurrable; for that which appears need not be pleaded or averred.—Dysart v. Logan, 2 J. J. Mar. 428. The charge in the case before us cannot be justified upon the idea of any risk which Matlock incurred; for he incurred no hazard but such as is common to forbearance in all cases.

We feel quite sure that this agreement, in legal contemplation, is usurious, and the judgment of the court upon the demurrer must be affirmed.