ERNEST REIFF *vs.* LARS BAKKEN.

January 6, 1887.

Usury—Contract Made in Another State.—The defence of usury not having been interposed, the court should not declare a contract made in another state usurious, although, upon its face, it bore interest at a rate in excess of that allowed by the law of this state.

Chattel Mortgage—Evidence of Location of Property.—Evidence considered sufficient to show the location of mortgaged personal property at the time of the filing of the mortgage.

Case—Certificate—Presumption.—A case being certified as containing all the material evidence, it will not be presumed that there was other evidence which could have affected the result of the trial.

Action to recover possession of personal property, claimed by plaintiff under a mortgage made and filed in Turner county, Dakota, in May, 1883, to secure notes bearing 12 per cent. interest, and by defendant as a purchaser from the mortgagor. At the trial in the district court for Rock county, before *Perkins*, J., the defendant had a verdict. The plaintiff appeals from an order refusing a new trial. The statement of the case was certified to contain "all the proceedings and material evidence in this case."

*Knox & Mead*, for appellant.

*Cooley, Akers & Cooley*, for respondent.

DICKINSON, J. The direction to the jury to return a verdict for the defendant cannot be sustained. It was not justified upon the theory that the mortgage under which the plaintiff claimed the property was usurious. This theory rests merely upon the fact that it appears from the mortgage offered in evidence that it had been given in the territory of Dakota to secure a debt bearing interest at the rate of 12 per cent. per year. It was not alleged, nor was any proof offered, that the statute of that territory did not authorize that rate of interest. The defence of usury was not made by the defendant, even if he was in a position to make such a defence.

No such defence being interposed, it was not incumbent upon the

plaintiff to affirmatively show that his mortgage was *not* usurious, by making proof that by the statute of Dakota interest at the rate of 12 per cent. a year was lawful. The contract was valid unless it was contrary to the law of the place where it was made. If the statute of Dakota prohibited such a contract, that was a fact to be alleged in defence.

There was sufficient evidence for the consideration of the jury, at least, that the mortgaged property was in the county in Dakota where the mortgage was given, at the time of its filing.

Upon the review of a case certified by the trial court to contain all the material evidence, it will not be presumed that there was other evidence, not presented in the case, affecting the result of the trial.

Order reversed.