AETNA BUILDING & LOAN ASS'N v. RANDALL *et al.*

No. 2166, Okla. T.   Opinion Filed January 13, 1909.

(99 Pac. 655.)

1.  **USURY—Failure to Plead—Waiver of Defense.** Usury must be specially pleaded, and in an action where this defense is waived, either directly or by implication, as by the defendant setting up other matters of defense, the fact that the contract sued on provides for interest in excess of the legal rate will not of itself justify the court in finding the same usurious; requiring the forfeiture of all interest.

2.  **SAME—Waiver—Allowance of Legal Interest.** Where in such a case plaintiff in its petition waives all interest in excess of the legal rate, by praying judgment for interest computed at the legal rate, the same will be allowed in accordance with such prayer.

(Syllabus by the Court.)

*Error from District Court, Logan County; J. H. Burford, Judge.*

Action by the Aetna Building & Loan Association against Dora Randall and others.   Judgment for plaintiff for part of the sum demanded, and it brings error.   Modified and remanded.

*F. C. Hunt,* for plaintiff in error.—

Necessary allegations and evidence in defense of usury: *Gould v. Horner,* 12 Barb. 601; *Kase v. Bennett,* 54 N. J. Eq. 97; *Manning v. Tyler,* 21 N. Y. 568; *Pillsbury v. McNally,* 22 Ark. 409; *Baker v. McGrath,* 106 Ga. 419; *Bank v. Barton,* 21 Ill. App. 404; *Boagni v. Pickett,* 28 La. Ann. 606; *Babcock v. Murray,* 58 Minn. 385; *McCready v. Phillips,* 56 Neb. 446; *McCauley v. Bld'g & Sav. Ass'n* (Tenn.) 35 L. R. A. 244; *Reiff v. Bakken,* 36 Minn. 333; *Mosely v. Smith,* 21 Tex. 441; *Powers v. Chaplain,* 30 N. J. Eq. 17; *Mattock v. Mallory,* 19 Ala. 694; *Mastuson v. Grubbs,* 70 Ala. 406; *Balfour v. Davis,* 14 Or. 47; *Cooper v. Nock,* 27 Ill. 301; *Bush v. Bush,* 23 Ky. 53.

DUNN, J.   On the 6th day of August, 1904, plaintiff in error, plaintiff below, filed its petition in the district court of

Logan county, alleging default on the part of defendants in error, defendants below, Dora Randall and E. R. Randall, in the payments due on the following instrument:

"$275.00.    First Mortgage Real Estate Note No. 22,267. For value received, we do hereby promise to pay to the Aetna Building & Loan Association, of Topeka, Kansas, on or before ten years after date, two hundred and seventy-five dollars, with interest thereon from date thereof at the rate of six (6) per cent. per annum in monthly installments of one and 38/100 dollars, also a monthly premium of one and 65/100 dollars, both interest and premium being payable on the 5th day of each and every month until sufficient assets accumulate to pay each shareholder five hundred dollars per share for every share held by him, in accordance with the by-laws of said association; and in case of default in the payment of interest, premium, or any part thereof at the stated times, or failure to comply with any of the conditions or agreements contained in the first mortgage on real estate given to secure the payment thereof, then this note shall immediately become due and payable, at the option of the legal holder thereof, and, if collected by a suit, an attorney fee of twenty-five dollars may be taxed as costs in said case.    Dated at Guthrie, O. T., 30th day of September, 1903, Dora Randall.    E. R. Randall."

It also prayed for the foreclosure of a certain real estate mortgage securing payment thereof.    The interests of the other parties to the suit are not involved herein, and will not be affected by this opinion, and a detailed statement of their claims and interests is deemed unnecessary.

Some ten months after the filing of the said petition the defendants Dora Randall and E. R. Randall filed their answer to the same, in which they admitted the execution of the note and mortgage set up in plaintiff's petition, and alleged as a defense to the same that they had paid the interest and assessments specified in said note, and that they had paid all taxes, assessments penalties and dues of every nature secured by said mortgage, but that the plaintiff had failed and refused to give said defendants credit therefor.    To this answer a general denial in reply was filed by the plaintiff.    On

the cause coming for trial in November, 1906, the defendants Dora and E. R. Randall, as appears from the judgment rendered, moved the court to be allowed to amend the answer by setting up the defense of usury. This motion was by the court overruled, and evidence was taken upon the issues made by the pleadings: On rendering judgment, however, the court sustained the petition in all particulars, except it found that the note sued on by the plaintiff disclosed a usurious contract on its face, and allowed the plaintiff to recover merely the principal thereof. None of the other parties have appealed from the judgment rendered, nor has either of them filed a brief in the case.

· Counsel for plaintiff in error have filed a very complete and elaborate brief, covering the entire field of the question of usury as applied to building and loan association contracts, and asks of the court a construction thereof; but in the view we take of the case there is but one question before us necessary for answer in order to determine the same, and this will render all of the others discussed in the brief beyond our province. The prayer of the petition is for interest at the rate of 12 per cent., and not the rate or the terms specified in the contract. There was no issue made on the trial, and no evidence introduced on the question of usury, and if the finding of usury by the court was unauthorized under the law, and we so determine, then this question is eliminated, and any discussion or conclusion to which we might arrive in construing plaintiff's contract, other than this, would be beyond the issues, and mere *dictum*.

The sole issue, as we have seen, presented by the pleadings in the lower court, was that of payment, and the general holding of the courts, although perhaps not with entire uniformity, is as stated in volume 3, p. 2905, of Bates Pleading & Practice, which with full citation of authorities, is substantially as follows: Usury as a defense must be pleaded specially and with certainty, · with such precision and certainty as to make out on the face of the pleading that a corrupt and usurious contract has been entered into, and in states where forfeiture of the entire interest

or invalidating the whole contract results, the corrupt intent is vital and must in some way be averred or appear.

In section 256 of Thompson on Building Associations (2d Ed.) the author says:

"It is the intention, and not the words used, that gives character to the transaction, and that the intent with which the act is done is an important ingredient to constitute the offense."

The Supreme Court of Oregon, in the case of *Balfour et al. v. Davis et al.,* 14 Or. 47, 12 Pac. 89, adopting the rule laid down in Tyler on Usury, 459, sets out the four ingredients which must concur in order to make a contract usurious: First, a loan, express or implied; second, an understanding between the parties that the money lent shall or may be returned; third, that for such loan a greater rate of interest than is allowed by law shall be paid, or agreed to be paid, as the case may be; accompanied by, fourth, a corrupt intent. It is then stated:

"Unless these four things concur in every transaction, it is safe to affirm that no case of usury can be declared, and this may be regarded as a rule universally recognized in all of the states."

Parsons on Contracts, vol. 3 (7th Ed.) § 110, states the rule as follows:

"The contract will not be held good merely because, upon its face and by its words, it is free from taint, if substantially it be usurious; nor, if it be in words and form usurious, will it be held so, if in substance and fact it is entirely legal. And these questions are for the jury only, who must judge of the intention of the parties, which lies at the foundation of the inquiry, from all the evidence and circumstances."

Other authorities to the same effect are; *Covington v. Fisher,* 22 Okla. 207, 97 Pac. 615; *Matlock v. Mallory,* 19 Ala. 694; *Masterson v. Grubbs,* 70 Ala 406; *Reiff v. Bakken,* 36 Minn. 333, 31 N. W. 348; *Cooper et al. v. Nock,* 27 Ill. 301; *Bush's Adm'r v. Bush,* 23 Ky. 53; *Anderson v. Creamery Package Manufacturing Company,* 8 Idaho, 200, 67 Pac. 493, 56 L. R. A. 554, 101 Am. St. Rep. 188; Thornton and Blackledge on Building and Loan Associations, § 256.

The foregoing authorities appear to amply sustain the rule that, the defense of usury not being pleaded and there being no evidence before the court showing a corrupt intent to take interest in excess of that allowed by law, the mere fact that the contract sued on provides for excessive interest will not in itself be sufficient on which to base a judgment that the same was illegal and usurious.

A case which appears to be in point on the facts as presented by the case at bar is that of *Moseley et al. v. Smith,* 21 Tex. 441, written by Chief Justice Hemphill, which holds that where a suit is instituted on a note usurious on its face, and the defendant appears and expressly waives the defense of usury, or waives it by implication, by setting up other matters and defending on other grounds, judgment may be rendered for the whole amount, and the defendant will not be entitled to relief on the ground of usury. See, also, *Powers v. Chaplain et al.,* 30 N. J. Eq. 17.

There was no issue made or evidence offered on the usurious character of the contract. The plaintiff in its petition by praying for 12 per cent. interest must be held to have waived any and all interest in excess of that, and in our judgment was entitled to recover that amount of interest.

The judgment of the lower court is accordingly modified to this extent, and the cause is remanded to the district court of Logan county, with instructions to set aside that portion of the judgment denying plaintiff a recovery of interest in accordance with its prayer, and enter one in accordance with the terms of this opinion.

All the Justices concur.