## JONES *et al.* v. BOSTICK.

No. 1923.  Opinion Filed October 8, 1912.

Rehearing Denied February 4, 1913.

(129 Pac. 718.)

CHATTEL MORTGAGES—Replevin—Evidence—Defense.  In a replevin action for the recovery of possession of certain chattels by virtue of a mortgage, the answer not disclosing a complete defense to the mortgage debt but only a partial failure of consideration, judgment was properly entered in favor of the plaintiff against the defendant.

(Syllabus by the Court.)·

*Error from Jackson ·County Court;*
*W. T. McConnell, Judge.*

Action by J. R. Bostick against M. T. Jones and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*J. W. Bartholomew,* for plaintiffs in error.

*W. C. Austin,* for defendant in error.

WILLIAMS, J.  The defendant in error, as plaintiff, sued the plaintiffs in error, M. T. Jones and S. A. Hall, as defendants, in replevin for the recovery of certain chattels by virtue of a mortgage executed by said defendants to secure certain notes. The

notes were given as consideration for the purchase of a certain acreage of cotton, corn, and millet. The defendants answered, admitting the execution of the mortgage and notes, but alleged certain fraudulent representations on the part of the plaintiff, in that they represented said acreage to be in excess of what it actually was, and also as to what such acreage produced the preceding year. There is neither any offer to nor tender back by the defendants in their answer of the cotton, corn and millet for which the notes and mortgage were executed, but a specific allegation of partial failure of consideration is made. Section 1137, Comp. Laws 1909; section 894, St. Okla. 1890; *Luger Furniture Co. v. Street,* 6 Okla. 312, 50 Pac. 125.

The question for determination under the issues is as to whether the plaintiff was entitled to possession of said property under said mortgage. If anything was due on said notes, the plaintiff was entitled to recover said possession. The notes were due at the time the action was brought, and default had been made under the terms of said mortgage. No contention is made as to a preliminary demand. No prejudicial error was committed in rendering judgment in favor of the plaintiff for the possession of the property for which the plaintiff sued. *Broyles et ux. v. McInteer,* 29 Okla. 767, 120 Pac. 283.

All the Justices concur.