## STOCKYARDS STATE BANK v. JOHNSTON *et al.*

No. 5634. Opinion Filed October 19, 1915.

(152 Pac. 585.)

1. **USURY—Contracts—Validity.** The statute of this state does not make a contract, tainted with usury, absolutely void.

2. **CHATTEL MORTGAGES—Replevin by Mortgagee—Issues.** In an action in replevin, like the case at bar, the only question in issue is the mortgagee's right to the possession of the property covered by the mortgage, and the amount due on the notes is only incidentally involved.

3. **SAME—Possession of Property—Right.** If anything is due on notes secured by a chattel mortgage, and the terms of the same have become broken, the mortgagee would be entitled to the possession of the mortgaged property.

4. **USURY—Defense—Failure to Plead—Waiver.** The defense of usury is a privilege extended by the statute which can be either claimed or waived, and in order to be available to those who desire to claim the privilege extended, it must be specifically pleaded, and, if not so pleaded, it will be deemed waived.

5. **SAME—Presentation by Demurrer.** The defense of usury cannot be raised by demurrer to a petition which declares upon a usurious contract.

(Syllabus by Mathews, C.)

*Error from District Court, McClain County;*
*R. McMillan, Judge.*

Action by the Stockyards State Bank against W. M. Johnston and others. A demurrer to the petition was sustained, and plaintiff brings error. Reversed and remanded.

*Vaught & Ready* and *John H. Halley*, for plaintiff in error.

Opinion by MATHEWS, C.    The parties will be designated here as in the trial court. On the 14th day of March, 1913, the plaintiff instituted this action in replevin in the district court of McClain county. In its petition plaintiff alleged, in substance, that, on the 21st day of January, 1911, defendants borrowed of plaintiff the sum of $1,000, evidenced by a note executed to it by defendants due the 1st day of November, 1911, in the sum of $1,141, bearing interest at the rate of 10 per cent. per annum after maturity. Plaintiff further alleged that the sum of $141 shown in said note was the amount charged defendants as interest on said $1,000 from January 21, 1911, to November 1, 1911, but avers that it now intends to charge defendants interest on said loan at the rate of 10 per cent. per annum, and waives all interest above $77.88 due on November 1, 1911; that there was due plaintiff on said loan, on December 5, 1911, the sum of $1,087.40; that defendants had paid $287.85, leaving yet due on that date the sum of $799.55; that on the 22d day of April, 1912, there was due plaintiff the sum of $830.13, including the principal and the interest calculated at 10 per cent. per annum; that the defendants paid on that date $53, leaving the sum of $777.13 still due; that on that date the defendants executed to plaintiff a second

2—52

note in the sum of $957.95, due on the 20th day of October, 1912, with 10 per cent. interest per annum from maturity, and that it was agreed that the first note given should not be canceled, but held as collateral to the second note; that the second note called for interest greater than the legal rate, but the plaintiff waived all interest in excess of 10 per cent. per annum and demanded interest on the sum of $777.13 at the rate of 10 per cent. per annum from April 22, 1912, to October 20, 1912, in the sum of $39.82, and that there was due plaintiff on the 20th day of October, 1912, the sum of $816.95, on which date $15 was paid, leaving a balance of $801.95 due and unpaid; that the interest thereon from the 20th day of October, 1912, at the rate of 10 per cent. per annum to the 12th day of March, 1913, is $31.46, and that on that date. there was due plaintiff the sum of $833.41, with an additional sum of 10 per cent. thereof as attorney fees as stipulated in said notes. Plaintiff further alleged that at the same time each of said notes was executed, for the purpose of securing the same, the defendants also executed to plaintiff a mortgage upon certain personal property, copies of said mortgages being attached to its petition, and that it is provided in said mortgages that if said defendants fail to pay any part of the indebtedness secured thereby when due, the plaintiff may take possession thereof and sell the same to pay said indebtedness, costs, expenses, and attorney fees. Plaintiff's petition contained the following:

"That the conditions of the mortgage have been broken in this, to wit: That said defendants have failed and refused to pay the sums due for which said mortgages were given as security, by reason of which failure said plaintiff became immediately entitled to the possession of all the personal property described in said chattel

mortgage, for the purpose of selling said personal prop-
erty to satisfy the amount due from said defendants, and
each of them, to this plaintiff.   Plaintiff further states
that by virtue of the matters above set forth said plain-
tiff has a special interest in all of the personal property
described in said chattel mortgage, that it has made de-
mand upon said defendants for the delivery of said per-
sonal property for the purpose above set forth, but that
said defendants have failed and refused to deliver said
personal property to said plaintiff for said purposes."

The statutory affidavit for replevin was filed in the
case, and the property taken under a writ issued thereon.
The defendants demurred to said petition upon the
grounds that:

"Said petition does not state facts sufficient to entitle
plaintiff to a lien upon the property, as in said petition
claimed and set forth, and relief prayed for therein."

The trial court sustained this demurrer, holding "that
the lien of plaintiff on the property replevied had been
waived."   From this ruling, the plaintiff appealed.

Defendants have not favored us with a brief in this
cause, and on that account we are not informed upon
what theory the demurrer was urged against the petition,
nor upon the court's reasons for sustaining the same, except
from the information imparted in plaintiff's brief, which
we accept as correct.

The contract was admittedly usurious, and an at-
tempt—futile, we think—was made to purge the same by
offering to waive all the interest charged above the con-
tract rate of 10 per cent. per annum.

It is apparent that the only question presented in
this case is, Is a mortgage void which is given to secure
notes which bear a usurious rate of interest?   The mort-

gage and note stand or fail together. Both had their origin in the same transaction. Usury was not known to the common law, being a creature of the statute, and therefore we must look to the statute in each particular jurisdiction to determine the right and remedies of the parties to a usurious transaction. 39 Cyc. 1006. While usury statutes usually prohibit the making of contracts of loan at a higher rate than the specified legal rate, they also provide specific penalties and forfeitures for violation thereof, which preclude the implication in such cases that the legislators intended contracts in violation of such statutes to be absolutely void. In some states, however, contracts in violation of the usury statutes have been specifically declared void by the very terms of the statute (39 Cyc. 911), and to determine whether or not such usurious contracts are void we need look no further than the statute of the state, as the statute itself is controlling. The penal statute of this state thereon (section 1005, Rev. Laws 1910) reads as follows:

"The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section (which provides that the rates of six and ten per cent. shall be respectively the legal and maximum contract rates of interest) shall be deemed a forfeiture of twice the amount of interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover from the person, firm or corporation taking or receiving same in an action in the nature of an action of debt, twice the amount of the interest so paid: Provided, such action shall be brought within two years after the maturity of such usurious contract; provided, further, that before any suit can be brought to recover such usurious interest, the party

bringing such suit must make written demand for return of such usury."

From a reading of the above statute it is quite apparent that the penalty for exacting usury in this state makes a person guilty thereof liable for certain penalties provided for in this statute, and does not render the entire contract void, unless the penalties exceed the amount due under the contract. The pleadings herein divulge that the defendants received in cash from plaintiff the sum of $1,000. By no construction placed upon the above-quoted statute can it be shown that the penalties that can be thereunder forfeited to the defendant will exceed or equal $1,000. Therefore defendants, after having been allowed the entire set-off permitted under this statute, will still be due the plaintiff a considerable sum, as the pleadings divulge; and, as the petition so far has been attacked by demurrer only, the facts set out in the petition are to be taken as confessedly true.

The plaintiff is suing in this case, not for a foreclosure of its mortgage, nor does it seek a money judgment against defendants upon the notes, but this is a suit in replevin, and the only question in issue now is the mortgagee's right of possession of the personal property covered by the mortgages, and the demurrer filed by the defendants only challenges plaintiff's right to take possession of the property under the terms of the mortgage, and the amount due plaintiff on the notes is only incidentally involved, because, unless there is some amount due on the notes, plaintiff would not be entitled to the possession of the mortgaged property, but if there be any amount due and unpaid, it would be entitled to the possession of the same for the purpose of advertising and selling it under the mortgage as the statute provides. In

*Jones v. Bostick,* 35 Okla. 363, 129 Pac. 718, on this point it is declared:

"The question for determination under the issues is as to whether the plaintiff was entitled to possession of said property under said mortgage. If anything was due on said notes, the plaintiff was entitled to recover said possession. The notes were due at the time the action was brought, and default had been made under the terms of said mortgage."

But it may be observed, further, that the defense of usury is a privilege extended by the statute which can be either claimed or waived, and, in order to be available to those who desire to claim the privilege extended, it must be specifically pleaded, and if not so pleaded will be deemed waived.

In *American Building, Loan & Tontine Savings Ass'n v. Haley et al.,* 132 Ala. 135, 31 South. 88, the syllabus is as follows:

"Where a bill to foreclose a mortgage is framed for foreclosure as to unpaid principal of the sum secured, as well as for charges claimed to be usurious, a demurrer to the whole bill will not raise the question of usury."

To the same effect is the holding in the case of *Petterson et al. v. Berry,* 125 Fed. 902, 60 C. C. A. 610:

"The defense of usury cannot be made by demurrer to a bill or complaint to foreclose a mortgage for both principal and interest of the debt, where such defense, under the statute, affects only the interest."

The same rule is laid down in 39 Cyc., at page 1046 thereof, as follows:

"In states where usury only forfeits the whole or a part of the interest payable under the contract, a plea of usury in bar of the action will be bad on demurrer."

The case of *Meadors v. Johnson,* from our own courts, found in 27 Okla. 544, 112 Pac. 1121, is directly in point on the proposition now under consideration and also decisive of the point previously discussed. That case was one in ejectment to recover possession of certain real property, to which plaintiff claimed title through a foreclosure by advertisement under a power of sale, and in which defendant interposed the defense of usury, and the lower court sustained a demurrer to the defense. Mr. Justice Hayes, who wrote the opinion in that case, states the holding of the court as follows:

"There was no error, however, in sustaining the demurrer to the defense of usury. That attempted defense was pleaded by defendant upon the theory that section 4735, Mansf. Dig. Ark. (Ind. T. Ann. St. 1899, sec. 3046), prescribing as a penalty for usury that any contract affected therewith shall be void, applies to the mortgage in the case at bar, and to the note which the mortgage secured. In this assumption plaintiff is in error. The mortgage was executed to a national bank, and section 5198, 5 Fed. St. Ann. p. 133 (18 Stat. 320, U. S. Comp. St. 1901, p. 3493), fixes the penalty for a national bank's charging a rate of interest greater than is allowed by the law. Under the penalty prescribed by the statute, only the interest, where it has not been paid, is forfeited for violation of the statute; and, where the interest has been paid, a right of recovery in an action therefor for twice the amount of the interest paid; but the usurious element of the contract does not vitiate the entire contract. Defendant, in his answer, alleges that he has made payments on the interest, but there is no contention that the principal of the note secured by the mortgage has ever been paid. A charge of usury, therefore, by the bank would not defeat the foreclosure of the mortgage to enforce the payment of the principal."

We take the following excerpt from the case of *Ætna Building & Loan Ass'n v. Randall et al.*, 23 Okla. 45, 99 Pac. 655, which holds:

"Usury must be specifically pleaded, and in an action where this defense is waived, either directly or by implication, as by the defendant setting up other matters of defense, the fact that the contract sued on provides for interest in excess of the legal rate will not of itself justify the court in finding the same usurious, requiring the forfeiture of all interest."

From the foregoing decisions we conclude that it is the settled law of this state that, even where there is usury apparent upon the face of the petition and the contract sued on, or in either, this fact does not render the note and mortgage sued on void, but operates to subject the person exacting such usury to be mulcted in certain penalties and forfeitures allowed by statute; but before the party can avail himself of the benefit of the same, it must be affirmatively claimed by the person entitled thereto, and unless the contract divulges the same on its face, the burden of proof also rests on the party claiming the penalty to prove the charge of usury.

For the reasons given, the judgment should be reversed and remanded, with instructions to the trial court to overrule defendants' demurrer.

By the Court: It is so ordered.