## BANK OF BUFFALO v. CROUCH.

No. 9440—Opinion Filed Aug. 13, 1918.

(174 Pac. 764.)

### Costs—Replevin—Cause of Action — "Prevailing Party"—Statute.

The gist of an action in replevin is the right to the possession of the property in controversy, and the party that is adjudged entitled to the possession is the "prevailing party" within the meaning of sections 5229 and 5230, Revised Laws 1910, and is entitled to judgment for costs, and this is true where the action is brought for possession under a chattel mortgage, and the plaintiff is adjudged entitled to possession of the property; he is entitled to judgment for costs, notwithstanding the amount of the indebtedness secured is reduced by allowance of counterclaim in favor of defendant.

(Syllabus by Pryor, C.)

Error from District Court, Harper County; W. C. Crow, Judge.

Replevin by the Bank of Buffalo against R. L. Crouch. Judgment for plaintiff, allowing certain amounts on defendant's counterclaim, and plaintiff brings error. Reversed and remanded, with directions to tax the costs.

M. W. McKenzie, E. J. Dick, and W. C. Lewis, for plaintiff in error.

Opinion by PRYOR, C. This is an action in replevin commenced by the Bank of Buffalo against R. L. Crouch, for the possession of personal property, under and by virtue of a chattel mortgage given to secure the payment of a promissory note in the sum of $618, with interest. The answer of the defendant was a general denial with counterclaim for alleged usurious interest charged by plaintiff and paid by defendant. There was trial to a jury and verdict and judgment for plaintiff for the possession of the property in controversy, which fixed the amount of plaintiff's interest in the property at $574, and allowed the defendant $60.40 on his counterclaim. The court in rendering judgment on the verdict of the jury taxed the costs to both the plaintiff and the defendant, in the sum of $427.73 each. The only question presented on appeal is whether or not the court erred in dividing the costs equally between the plaintiff and defendant.

The gist of the action of replevin is plaintiff's right to the immediate possession of the property in controversy at the commencement of the action. Tulsa Rig, Reel & Mfg. Co. v. Arnold, 64 Okla. 160, 166 Pac. 135; Brook v. Bayless, 6 Okla. 568, 52 Pac. 738; Butler v. Stinson, 26 Okla. 217, 108 Pac. 1103. In a replevin action for the recovery of possession of certain chattels by virtue of a mortgage, where the defense is partial and is not a full and complete defense to the whole action, the plaintiff is entitled to recover the possession of the property. Jones et al. v. Bostick, 35 Okla. 363, 129 Pac. 718. In an action like this, the only question in issue is the mortgagee's right to the possession of the property covered by the mortgage, and the amount due on the note is only incidental thereto. Stockyards State Bank v. Johnston, 52 Okla. 32, 152 Pac. 585. In the case of Stockyards State Bank v. Johnston, supra, it is held that the plaintiff was entitled under the mortgage to the possession of the property if anything was due, notwithstanding the counterclaim of defendant.

Section 5229, Rev. Laws 1910, provides:

"Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific real or personal property."

Section 5230, Rev. Laws 1910, provides:

"Costs shall be allowed of course to any defendant, upon a judgment in his favor, in the actions mentioned in the last section."

This being an action primarily for the possession of property involved in controversy, the adjustment of the indebtedness being merely incidental, judgment should have been rendered for costs in favor of the party that was adjudged to be entitled to the possession of the property. The jury determined by its verdict that the plaintiff was entitled to the possession of the property, and judgment was rendered accordingly. The plaintiff was the "prevailing party" within the meaning of the above statute, and was entitled to judgment for costs, notwith-

standing the amount of his claim was reduced by allowance of a part of defendant's counterclaim.

In reaching this conclusion, the case of Smith-Premier Typewriting Co. v. Grace, 28 Okla. 844, 115 Pac. 1019, is not overlooked. In that case it was held, where judgment is awarded plaintiff for a part of the property in controversy and judgment awarded defendant for part, it is not error for the court to apportion the costs. Where there is a judgment in favor of each of the parties for possession of part of the property involved, the rule is well established in this state, as well as the state of Kansas, from where the statute was adopted, that the court may apportion the costs. The distinction between a division of the property and adjustment of the indebtedness between the parties which is merely incidental to the action is clear.

The court therefore committed prejudicial error in dividing the costs between plaintiff and defendant. It follows that this cause should be reversed and remanded, with directions to the court to tax the costs in accordance with the views herein expressed.

By the Court: It is so ordered.