## FIRST STATE BANK OF POND CREEK et al. v. BANK OF JEFFERSON.

No. 15724—Opinion Filed Oct. 6, 1925.

### 1. Usury — Recovery for Usury — Right Alone in Party to Contract.

The provision of our statute, section 5098, Comp. St. 1921, authorizing the recovery of usurious interest charged or collected, applies alone as between the original parties to a usurious contract or their legal representative and does not apply as to parties who were not parties to such contract.

### 2. Same — Invalidity of Assignment of Right.

Under section 5100, Comp. St. 1921, assignment of a cause of action to recover usurious interest charged or collected, as provided by section 5098, is prohibited.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Grant County; Claude Duval, Judge.

Dyer & Keim and Sam P. Ridings, for plaintiffs in error.

Simon, McKnight & Simon, for defendant in error.

Action by the First State Bank of Pond Creek, Okla., and Oklahoma State Bank of Enid, Okla., against the Bank of Jefferson. Judgment for defendant, and plaintiffs appeal. Affirmed.

Opinion by JONES, C. This action was instituted in the district court of Grant county by the plaintiffs in error, as plaintiffs, against the defendant in error, as defendant, in the trial court, for the purpose of recovering certain money alleged to have been collected by the bank as usury. The plaintiffs allege that the defendant, Bank of Jefferson, had "charged and collected usurious interest from Morrison Brothers Mills, a corporation, that said Morrison Brothers Mills, by an involuntary proceeding in bankruptcy, had been declared a bankrupt, and that said claim for usurious interest had been taken over by the trustee in

the bankruptcy proceedings, and with the other book accounts had been sold, and that at such sale the said plaintiffs in error, being the heaviest creditors of said bankrupt, had purchased all of said book accounts, together with the claim sued on herein." The alleged usurious interest being charged to have been collected on numerous drafts.

The facts set up, which the plaintiffs allege constitute a usurious contract, are based on the fact that the defendant, Bank of Jefferson, charged to Morrison Brothers interest at the rate of ten per cent. per annum on all drafts drawn on said defendant bank by Morrison Brothers for the length of time that the drafts were out; in other words, interest was charged, as we understand the record, on the drafts from the date upon which they were drawn by Morrison Brothers to the date on which they were received by the bank, and in some way settled for by Morrison Brothers, together with an additional charge of 15 cents per hundred exchange fee, and whether this transaction is usurious or not, we are not deciding. The sale heretofore referred to in the plaintiffs' petition was a trustee sale of the assets of the bankrupt, Morrison Brothers. A demurrer was filed by the defendant to said petition, which was by the court overruled, and thereafter defendant answered, and when said case was called for trial, and the jury drawn for the trial of same, the defendant interposed an objection to the introduction of any evidence on the part of plaintiffs, for the reason that the petition did not state facts sufficient to constitute a cause of action against said defendant and in favor of the plaintiffs. This objection was by the court sustained and the case dismissed at plaintiffs' cost, from which order and judgment of the court, the plaintiffs prosecute this appeal. The controlling error assigned is that the court committed error in sustaining the objections on the part of the defendant to the introduction of evidence on the part of plaintiffs, and the decisive issue in this case is that of whether or not the appellants, First State Bank of Pond Creek and Oklahoma State Bank of Enid, Okla., who were the purchasers of all book accounts, which is the basis of the claim sued on herein, at the trustee sale of the assets of Morrison Brothers, bankrupt, are entitled to maintain this action to recover usury charged and paid by the bankrupt, Morrison Brothers.

Appellants cite R. C. L. vol. 16, page 836, and call specific attention to section 335 thereof as follows:

"335. Bankruptcy or Insolvency Proceedings. It is the general recognized rule, both in England and in this country, that the transfer of a lease resulting from involuntary bankruptcy or insolvency proceedings, is not within a general restriction against assigning. On the other hand, a voluntary assignment to a trustee in bankruptcy or insolvency, where it has become operative by the exercise of the election to accept the terms, is generally considered a breach of a general restriction against the lessee's assigning, as such a transfer is the voluntary act of the lessee"

—and call attention to many citations there found upholding the rule announced in the text, but we do not regard the authorities cited and the rule announced as controlling or as applicable to the facts in this case. In fact, the above quotation is found under the chapter on Landlord and Tenant, and deals with leasehold estates.

Section 3, art. 14, p. 220, vol. 1, Comp. St. 1921, is as follows:

"Excessive Interest—Penalty. The taking receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover from the person, firm, or corporation taking or receiving the same, in an action in the nature of an action of debt, twice the amount of the interest so paid. Provided, such action shall be brought within two years after the maturity of such usurious contract. Provided, however, that this section may be subject to such changes as the Legislature may prescribe."

It will be noted that the privilege or right to recover usurious interest is to the person by whom it has been paid, or his legal representative, and sections 5098, 5099, and 5100 Comp. St. 1921, deal with the question of usury and section 5100 contains the following proviso:

"Provided, further, that causes of action for the recovery of penalties created in this act shall not be assignable."

From these authorities, it is apparent that a cause of action for usury is personal to the person against whom such charge is made, or by whom payment has been made, or his legal representatives, and that such cause of action cannot be transferred or assigned to another, and while we find no decision directly in point, a discussion of the provision contained in the Constitution and statutes on usury may be found in Caldwell

v. Commercial Bank of Waynoka, 80 Okla. 118, 104 Pac. 899:

"Under section 5100, C. S. 1921, assignment of a cause of action to recover usurious interest charged or collected, as provided by section 5098, is prohibited."

And in the body of the opinion, we find this language:

"We reiterate that section 1 Acts of Special Session 1916, page 24 (being sec. 5098, C. S. 1921), applies alone as between the original parties to a usurious contract for the payment of usury and does not apply as to parties who were not parties to such usurious contract."

There are authorities which hold that trustees may recover usurious interest charged and collected from the bankrupt for the benefit of the bankrupt's creditors. This we conceive to be a just and reasonable rule, but we find no authority, which is controlling in this jurisdiction, which authorizes the purchasers of the assets of the bankrupt, at a trustee's sale, to institute and maintain such proceedings. This, as we understand, would be in direct conflict with our Constitution and statutory provisions, and furthermore, we might call attention to the fact that a sale of notes and book accounts, and such things or documents as might involve the charge and collection of usury, would not necessarily operate as an assignment, nor pass any consideration for the cause of action arising by reason of the right or privilege guaranteed to the maker of such contracts to recover usury charged or collected. The trustees offer for sale and sell only the tangible assets of the bankrupt, and the cause of action, or right to recover usury, is not transferred, and moneys which may be recovered by the bankrupt or his legal representative would necessarily go into the general assets of the bankrupt, become a part of the same, and be distributed among his creditors generally, and to permit one creditor, who happened to be the purchaser of the assets of the bankrupt or a portion of same at a trustee's sale, to recover money based upon usurious contracts entered into by the bankrupt, would be a grave injustice to other creditors in the face of the fact that no consideration passed from the purchaser to the trustee of the bankrupt for this right or privilege, and in fact no assignment was made of the right, or cause of action.

In the case of Holt v. Aetna Building & Loan Ass'n, 78 Okla. 307, 190 Pac. 872, the following statement is found:

"Usurious statutes that work a forfeiture are penal. Stockyards State Bank v. Johnston, 52 Okla. 32, 152 Pac. 585 (and other authorities cited). Such statutes must be strictly construed and before one can recover the penalty therein imposed, he must state specifically every fact, to bring himself strictly within all their terms." (Citing authorities.)

"In the case of Lee v. Stiger, 30 N. J. Eq. 610, the court said: 'The reason of the rule is obvious. The statute against usury is designed to give protection to the borrower against the greed of the lender, and not to afford any mere adventurer, who may happen to slip into the seat of a borrower, a right to speculate on a violation of law which has done him no harm and caused him no loss. When the borrower sells his interest in the land he has pledged for the payment of a usurious debt, subject to that debt, he acknowledges the validity of the debt and waives the defense of the statute. After the party aggrieved has forgiven an injury, it would not be consonant with either justice or reasoning to allow a stranger to set it up for his own personal advantage. The defendant has no right to display the wrong of another as a means of relieving her property from the burden it was understood it should bear, at the time she acquired it.' In the case of Miners Trust Co. Bank v. Roseberry, 81 Pa. 309, it is held that where any owner of land on which there is a usurious lien is adjudged a bankrupt and his land is sold by an assignee, a purchaser thereof cannot have the amount of such lien reduced by the amount of the usury. The purchaser at an execution sale made subject to an outstanding mortgage cannot set up usury as a defense against the same." Higbee v. Aetna B. & L. Ass'n, 26 Okla. 327, 109 Pac. 236.

In the case of Lassater v. First National Bank of Jacksboro, 72 S. W. 1057, the Supreme Court of Texas held that the trustee in bankruptcy might have maintained a cause of action on a claim for usury in favor of the bankrupt, and that:

"Only the person paying the usurious interest, or his legal representatives, can maintain the action. The statute creating the right especially so provides."

And also held that "Such a claim is subject to assignment."

The facts, upon which the court's judgment was based in that case, are entirely different from the facts in the instant case, and the opinion does not call attention to any Texas statute similar to the Oklahoma statute to wit, section 5100, which expressly prohibits the assigning of such cause of action. In the Lassater Case reference is made to the case of Taylor v. Sturgis, 68 S. W. 538, wherein it was also held that such rights were assignable under the Tex-

as law, but from a reading of the opinion it will be seen that there was a specific assignment for valuable consideration, transferring the right of action and guaranteeing the payment thereof. This procedure, while not specifically authorized by the Texas statute, seems not to have been prohibited by any specific act or statute, and from an examination of the case of G. H. & S. A. R. R. v. J. D. Freeman, 57 Tex. 156, it will be seen that the Texas court bases its judgment, wherein it held that such rights are assignable, under the general doctrine of equity jurisprudence, and not by reason of any statutory provision.

In the Freeman Case the following statement is found:

"As to the question of assignability, Justice Story states the rule as follows: 'In general it may be affirmed that mere personal torts, which die with the party and do not survive to his personal representative, are not capable of passing by assignment; and that vested rights ad rem and in re, possibilities coupled with an interest, and claims growing out of and adher'ng to property, may pass by assignment. Comegys v. Vasse, 1 Pet. (U. S.) 213.'"

We have no controversy with the Texas decision and the rule therein announced, but we think that our statute, which specifically prohibits the assignment of such claim as is here involved, is controlling, and therefore find that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.