[No. 20384. Department Two. March 3, 1927.]

## L. FRY, *Respondent,* v. LILLIAN A. KNOUSE *et al., Appellants,* GLENN E. WILSON, *Administrator, Cross-Appellant.*[1]

[1] BILLS AND NOTES (64-1)—BONA FIDE HOLDER—GOOD FAITH. A finding that plaintiff was the holder of a note in due course is sustained by proof that she took the note for value before maturity without any notice of the usurious contract which tainted the proceeding.

[2] PRINCIPAL AND AGENT (67)—LIABILITIES TO THIRD PERSONS—NOTICE TO AGENT—IMPUTATION TO PRINCIPAL—AGENT'S FRAUD. Where a broker negotiated a loan without plaintiff's knowledge and afterwards transferred the same to plaintiff, acting for his own interest in getting good money for bad paper, he can not be considered as plaintiff's agent, so as to impute to plaintiff his knowledge of undisclosed usury in negotiating the loan.

[3] USURY (20)—RIGHTS OF THIRD PERSONS—ASSIGNEES OF USURIOUS CONTRACT. A non-resident *bona fide* holder of a note is not charged with the consequences of undisclosed usury before her connection with the paper, by the fact that her local agent collected and transmitted payments of interest exceeding twelve per cent per annum, which she accepted without notice or knowledge as to what period of time was covered by any of the remittances.

[4] USURY (21)—AMOUNT AND EXTENT OF PENALTIES. Rem. Comp. Stat., § 7304, providing that, on proof of usury in any action on contract, the plaintiff can recover only principal, less twice the amount of interest paid, applies as against a usurer brought into a suit by the cross-complaint of a defendant, who paid the usury to the plaintiff, where the power to bring him into the suit was not challenged.

Cross-appeals from a judgment of the superior court for King county, Gilliam, J., entered September 3, 1926, upon findings in favor of the plaintiff, in an action to foreclose a mortgage, tried to the court. Affirmed.

*Warren H. Lewis,* for appellant Knouse.

*Roberts & Skeel* and *D. D. Mote,* for respondent Fry and cross-appellant Wilson.

[1]Reported in 253 Pac. 802.

TOLMAN, J.—The respondent, as plaintiff, commenced this action by summons and complaint in the usual form for the foreclosure of a real estate mortgage, setting up a note dated April 14, 1924, for $1100, due in ninety days, with interest from maturity at the rate of twelve per cent per annum, the complaint admitting that interest had been paid thereon up to December 1, 1924, and that $292 had been paid on account of the principal as of the last mentioned date. The note was payable to the order of F. K. Robinson, whose personal representative is cross-appellant here, and it was alleged that plaintiff purchased the note and mortgage on May 10, 1924, (before maturity) for value. The mortgage was in the usual form. There is no controversy concerning it and it need not be further mentioned. The prayer of the complaint was for judgment for the principal sum of $808 (the original amount of the note less the payment on principal admitted) together with interest and attorney's fees, and for the foreclosure of the mortgage.

In due course, on application of the defendants, leave was granted to bring in F. K. Robinson as cross-defendant, and by answer and cross-complaint of defendants, usury was set up and a recovery over against Robinson was sought as to any relief which might be denied as against the plaintiff in the action. In her answer to the cross-complaint, the plaintiff, in addition to formal denials of any usury in the original transaction, averred:

"  .  .  .  and alleges the fact to be that the only agreement of any kind between the said defendants and cross-defendant is as set forth in the note and mortgage sued on herein and that the plaintiff has not and did not have any knowledge or information of any other agreement of any kind, character, or description, nor of

any further collateral security, if any there was, and therefore denies the same.''

The case was tried to the court, resulting in a decree to the effect that plaintiff was the holder of the note in due course unaffected by any usury in its inception, but that the collections on account of interest and principal were made by Robinson as her agent; that the whole of Robinson's collections should be credited upon the note as of the dates when made, resulting in the recovery by the plaintiff of $828.65, together with costs and seventy-five dollars attorney's fees. The defendants were given judgment against the cross-defendant Robinson for $423.11, with their costs, and also a recovery from him of the costs and attorney's fees awarded to the plaintiff and against the defendants. From this judgment, the defendants have appealed and the cross-defendant has cross-appealed. Since the appeals were taken, Robinson has died, and his personal representative has been substituted.

It appears that Robinson was a broker engaged in the loan business; that plaintiff had previously purchased securities from him and left them with him for collection; that, at the time this note was assigned, some prior loan had just been paid in and Robinson had in his hands something over twelve hundred dollars of plaintiff's money for reinvestment. She was then in California, knew nothing of the circumstances under which the loan was made, and Robinson, in pursuance of a previous understanding, about a month after the date of the note and about sixty days prior to its maturity, in proper form, transferred the note and mortgage to the plaintiff, charged her account with $1,048, and wrote plaintiff, explaining what he had done, sending her a receipt for the note and mortgage showing that he held them for collection only. Subsequently,

Robinson collected from the defendants $44.30 on July 30, $70 on October 31, and $350 on December 1. Of the amounts collected, Robinson remitted to plaintiff, by mail, $13.75 about July 30, $27.50 about October 31, and $22.91 and $292 about December 1. Robinson explains that the first three items were remitted as interest, and the last to apply on the principal.

[1] Defendants first urge that plaintiff was not a holder in due course, since her complaint alleges only the purchase of the note before maturity for value, and fails to allege that she purchased in good faith and without notice of the usurious contract, and that she gave no testimony to that effect. But when the complaint was drawn and verified, plaintiff probably had no reason to anticipate the defense of usury. Later, in her answer to the cross-complaint, she sufficiently supplied the deficiency in the pleading, as shown by what we have hereinbefore quoted. Her testimony was taken by deposition, and if she did not technically say that she purchased without notice of any defense and in good faith, it was because she was not asked that question. The deposition as a whole clearly indicates that she acted in good faith and had no notice or knowledge of the usurious contract. There was other direct testimony in the case to that effect, and none to the contrary. We think the trial court did not err in holding that the plaintiff was the holder in due course so far as her own knowledge went.

[2] But the defendants urge Robinson was her agent and she was bound by his knowledge. Clearly, Robinson was not acting as her agent when he negotiated the loan. She then had no interest whatever in the transaction, and there was apparently no reason for anyone to presume that she ever would have. Was Robinson the plaintiff's agent when he transferred the note to her so

that his knowledge became her knowledge? He was then acting for her, no doubt, but he was also acting for his own interest in getting good money for what might prove to be bad paper, and if he had disclosed to the plaintiff all he knew he would thereby have defeated his personal purpose and prevented his own personal profit. Is this enough to bring the case within the exception to the general rule that the agent's knowledge will be imputed to the principal? 2 Pomeroy on Equity Jurisprudence (4th ed.) § 675, reads:

"Agent's Fraud.—The second exception is much more important and of far wider application. It is now settled by a series of decisions possessing the highest authority, that when an agent or attorney has, in the course of his employment, been guilty of an actual fraud contrived and carried out for his own benefit, by which he intended to defraud and did defraud his own principal or client, as well as perhaps the other party, and the very perpetration of such fraud involved the necessity of his concealing the facts from his own client, then, under such circumstances, the principal is not charged with constructive notice of facts known by the attorney and thus fraudulently concealed. In other words, if in the course of the same transaction in which he is employed the agent commits an independent fraud for his own benefit, and designedly against his principal, and it is essential to the very existence or possibility of such fraud that he should conceal the real facts from his principal, then the ordinary presumption of a communication from the agent to his principal fails; on the contrary, a presumption arises that no communication was made, and consequently the principal is not affected with constructive notice. The courts have carefully confined the operation of this exception to the condition described where a presumption necessarily arises that the agent did not disclose the real facts to his principal, because he was committing such an independent fraud that concealment was essential to its perpetration; it has never been extended beyond these circumstances. It follows, therefore, that every fraud

of an agent in the course of his employment, and in the very same transaction, does not fall within this exception; and, most emphatically, it does not apply when the agent's fraud consists merely in his concealment of material facts within his own knowledge from his principal.''

It cannot be gainsaid that Robinson was acting for his own benefit and that a full disclosure to his principal would have defeated his purpose, but whether he intended to defraud his principal may be a debatable question. Still, the reason for the exception to the rule is very plain. It was essential to the agent's purpose that he should conceal the real facts from his principal. Thus we have here the real and only reason for the exception, and the reason being supplied, the exception should apply. Defendants seem to rely on the case of *Tremont Trust Co. v. Noyes,* 246 Mass. 197, 141 N. E. 93, where the subject is very ably treated by chief justice Rugg, of the supreme court of Massachusetts, and a contrary conclusion was reached, but we think the facts so far differ in that case as to justify a different result. We conclude that Robinson's knowledge may not as a matter of law be imputed to the plaintiff.

[3] Defendants next contend that, in any event, the interest remittances made by Robinson to the plaintiff exceeded twelve per cent per annum, and by accepting them she participated in the usury. While three items were remitted as interest, there is nothing to show that the plaintiff was advised as to what period of time each or either of the items was supposed to apply. The note was in the hands of the agent in Seattle, while the plaintiff was in California, and no fact is brought home to her showing that she had any knowledge that she was receiving, or that there was being collected, any usurious interest. It must be remembered that the defendants had at all times been parties to the payment

of usury, perhaps through necessity, but still their acts made possible the innocent acceptance of usury by the plaintiff, and that innocence clearly appearing, we think, under the circumstances shown, the trial court did not err in refusing to visit the penalty upon her.

[4] Coming now to the cross-appeal, we think the evidence abundantly sustains the trial court in finding that certain amounts in excess of the lawful rate of interest were retained and collected by Robinson as interest, and not as legitimate charges for services rendered. The only contention which we think requires discussion is that of the doubling of the amount as a penalty. The statute, Rem. Comp. Stat., § 7304 [P. C. § 3161], so far as it relates to the subject, reads:

"If a greater rate of interest than is hereinbefore allowed shall be contracted for or received or reserved, the contract shall not, therefore, be void; but if in any action on such contract proof be made that greater rate of interest has been directly or indirectly contracted for or taken or reserved, the plaintiff shall only recover the principal, less the amount of interest accruing thereon at the rate contracted for, and the defendant shall recover costs; and if interest shall have been paid, judgment shall be for the principal less twice the amount of the interest paid, and less the amount of all accrued and unpaid interest; . . . "

This is, of course, an action on the contract, and Robinson was a party to the contract when it was made. Having been brought into the action and having appeared generally without challenging the power to so bring him in, he is now in the same position as though he had been properly an original party. The case of *First State Bank v. Bank of Jefferson,* 112 Okl. 177, 240 Pac. 311, upon which the cross-appellant relies, holds that the right to recover usurious interest belongs only to the person by whom it was paid and not to the assignee of the trustee in bankruptcy of such

person. Here the right to recover is asserted only by the persons who paid and therefore that case has no application.

Finding no error, both judgments are affirmed.

BRIDGES, PARKER, and ASKREN, JJ., concur.